IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BRAVETTE JOHNSON AND
CURTIS WILLIAMS,

  Plaintiffs,

v.                                                    Civil Action No. 3:17-cv-00553-MHL

CITY OF RICHMOND, VIRGINIA,
ET AL,

  Defendants.

**DEFENDANT JASON NORTON'S REPLY BRIEF IN SUPPORT OF
MOTION TO DISMISS THE COMPLAINT**

**I.    INTRODUCTION**

Try as they might, Plaintiffs' inescapable reality is that their arrests were supported by probable cause, and they are each guilty of the crimes to which they pleaded guilty. While there may have been inconsistencies with the resumes used for confidential informants in the search warrant applications submitted by Norton, the probable cause information in the search warrant affidavits was accurate, and the contraband found on each Plaintiff was precisely what was expected to be found. Plaintiffs do not, and cannot, dispute that.

Plaintiff Bravette Johnson ("Johnson") pleaded guilty to state charges on August 17, 2010 after contraband was found in his possession by state and federal officers. See Complaint (ECF Doc. 1, ¶ 80). Plaintiff Curtis Williams ("Williams") pleaded guilty to possession of contraband on December 11, 2009. Id. at ¶ 94.

Plaintiffs do not challenge that there was probable cause for their arrests and prosecutions. They both pleaded guilty, and, importantly, they are guilty. These are the facts of this case. As one court said under nearly identical circumstances: "[T]his is not a case of actual

1

innocence or wrongful imprisonment." There is accordingly "no reason to compensate" Plaintiffs for the time they served after pleading guilty to offenses of which they were guilty. Williams v. City of Tulsa, 2016 WL 1572957, at *7 (N.D. Okla. Apr. 19, 2016).

## II. LAW AND ARGUMENT

**A. Plaintiffs have failed to state a claim under Section 1983.**

### 1. Plaintiffs cannot sustain claims that their Fourth Amendment rights were violated by Norton.

Plaintiffs do not bring claims for false arrests or unlawful searches, because they know that those claims would be barred by the statute of limitations. See Plaintiffs' Brief in Opposition (ECF Doc. 29 at p. 26). Plaintiffs' claims are instead "based on wrongful prosecutions." Id. To that end, Plaintiffs' Fourth Amendment claims are premised on a malicious prosecution theory. Id. at 2.

To state a Fourth Amendment violation under a malicious prosecution theory, Plaintiffs must allege that "[1] the defendant ha[s] seized plaintiff pursuant to legal process that was not supported by probable cause and [2] that the criminal proceedings have terminated in plaintiff's favor." Smith v. Munday, 848 F.3d 248, *2 (4th Cir. 2017). Plaintiffs do not argue that there was no probable cause to arrest them. Nor could they, since they were each arrested after illegal contraband was discovered to be within their possession or control. Plaintiffs do not even dispute that the contraband was theirs. Instead, they pin their hopes on convincing this Court that that the fruit of the poisonous doctrine should apply to civil cases despite citing no authority for that proposition.

The Eastern District of Virginia and Courts of Appeals for the Second, Third, Fifth, Ninth, and Eleventh Circuits have all found that the fruit of the poisonous tree doctrine does not apply to Section 1983 claims. See Ware v. James City County, Virginia, 652 F. Supp. 2d 693,

705 (E.D. Va. 2009); Townes v. City of New York, 176 F.3d 138, 148 (2d Cir. 1999); Hector v. Watt, 235 F.3d 154, 157 (3rd Cir. 2001); Wren v. Towe, 130 F.3d 1154 (5th Cir. 1997); Lingo v. City of Salem, 832 F.3d 953, 960 (9th Cir. 2016); and Black v. Wigington, 811 F.3d 1259, 1267-68 (11th Cir. 2016). Plaintiffs have cited no authority to the contrary.

Plaintiffs also cannot distinguish Williams v. City of Tulsa, because it is squarely on point. 2016 WL 1572957 (N.D. Okla. Apr. 19, 2016). Plaintiffs contend that in Williams "the plaintiff did not address the issue at all." See Plaintiffs' Brief in Opposition (ECF Doc. 29 at p. 3). But the plaintiff's brief clearly asked the court to apply the exclusionary rule in that civil case: "[A]ny evidence garnered from a falsified search warrant should be excluded when considering whether probable cause existed to continue the prosecution of the Plaintiff." 2016 WL 3566057 (N.D. Okla. Jan. 8, 2016). The Williams court refused to apply the exclusionary rule to a civil case, like every other court to consider this issue. 2016 WL 1572957, at *6-7.

Plaintiffs have presented no compelling reason to extend the exclusionary rule to their Fourth Amendment claims in contravention of the great weight of the authority on this issue. Their argument that officers who intentionally defraud the legal system by obtaining bogus warrants are not sufficiently deterred by limiting application of the exclusionary rule to the criminal setting is without merit. Only three reasons come to mind for why an officer might intentionally defraud the legal system: (1) the officer has a strong desire to bring justice to criminals regardless of the means; (2) the officer is motivated by self-interest in wanting to be perceived as a high performer worthy of recognition within his department; and (3) to make money. Engaging in fraudulent behavior to fulfill those motivations would be undermined if the criminal is let go once the fraudulent acts of the officer were discovered. That is, the prospect that criminal cases will be thrown out or convictions overturned already deters such conduct.

Additionally, the discovery of truly fraudulent behavior could place the officer at risk of losing his job or facing criminal prosecution, both of which are also sufficient deterrents. Applying the exclusionary rule to the civil setting would, therefore, provide only marginal deterrent benefits since the use of the exclusionary rule in criminal trials already deters illegal searches.

Further, the costs of excluding evidence of the possession of drugs and contraband in a Section 1983 malicious prosecution claim is far outweighed by the minimal benefits of applying the rule. That is to say, allowing those who are in fact guilty (or at least possessed contraband sufficient to support a probable cause finding that a crime had been committed) "to proceed solely on a fruit of the poisonous tree theory of damages would vastly overdeter state actors." Townes, 176 F.3d at 146. "The evil of an unreasonable search or seizure is that it invades privacy, not that it uncovers crime, which is no evil at all." Id. at 148 (2d Cir. 1999).

Indeed, no Fourth Amendment value would be served if Plaintiffs, who illegally possessed narcotics, are permitted to reap the financial benefits they seek since they have already "reaped an enormous benefit" of their freedom. See id. at 148. As the Second Circuit observed, "that remedy would vastly overdeter police officers and would result in a wealth transfer that 'is peculiar, if not perverse.'" Id. (internal citations omitted). That is particularly true when one considers the Supreme Court's repeated admonitions that "the governments' use of evidence obtained in violation of the Fourth Amendment does not itself violate the Constitution." See Pennsylvania Bd. of Prob. & Parole v. Scott, 524 U.S. 357, 362 (1998).

### 2. **Plaintiffs do not have a claim that their Fourteenth Amendment right to make a voluntary and intelligent plea was violated.**

Plaintiffs do not dispute that there is no direct authority in this Circuit to support their theory that Section 1983 can be used as a vehicle to rectify an involuntary or unintelligent guilty plea. They hang their hat entirely on United States v. Fisher, 711 F.3d 460 (4th Cir. 2013) to

support their theory. Fisher was a criminal case. It did not involve claims for money damages under Section 1983.

In Fisher, the criminal defendant's home was searched pursuant to a search warrant completed by an officer who years later admitted that the confidential informant he identified in the search warrant "had no connection to the case" and that another individual was "the real informant[.]" Id. at 463. The officer also admitted to receiving monetary kickbacks by splitting reward money with the confidential informants he falsely attributed information to. Id. The officer pleaded guilty to a variety of fraud and theft offenses related to his duties an officer. The Fourth Circuit held that the officer's false statement in the search warrant affidavit amounted to impermissible government conduct and that the criminal defendant's plea was induced by that misconduct. Id. at 462, 467-68.

Plaintiffs have cited no authority indicating that a theory premised on Fisher is actionable for civil damages. Regardless, Fisher is distinguishable from this case. Norton is not guilty of any crime, and he did not profit personally in Plaintiffs' cases. Plaintiffs do not allege that the probable cause information in the search warrants was inaccurate or that the informant was unreliable. At most, Norton made errorr in his paperwork. Accordingly, there can be no civil claim based on Fisher. See e.g., United States v. Doyle, 650 F.3d 460, 468 (4th Cir. 2011) ("[F]alse information will only void a warrant if the information was necessary to the finding of probable cause.").

### 3. **Plaintiffs have not stated a claim for deprivation of liberty under the Eighth and/or Fourteenth Amendments.**

Plaintiffs' Opposition relies entirely on one unpublished decision for the proposition that Norton had an obligation to seek the early release of prisoners who pleaded guilty and do not

support their theory. Fisher was a criminal case. It did not involve claims for money damages under Section 1983.

In Fisher, the criminal defendant's home was searched pursuant to a search warrant completed by an officer who years later admitted that the confidential informant he identified in the search warrant "had no connection to the case" and that another individual was "the real informant[.]" Id. at 463. The officer also admitted to receiving monetary kickbacks by splitting reward money with the confidential informants he falsely attributed information to. Id. The officer pleaded guilty to a variety of fraud and theft offenses related to his duties an officer. The Fourth Circuit held that the officer's false statement in the search warrant affidavit amounted to impermissible government conduct and that the criminal defendant's plea was induced by that misconduct. Id. at 462, 467-68.

Plaintiffs have cited no authority indicating that a theory premised on Fisher is actionable for civil damages. Regardless, Fisher is distinguishable from this case. Norton is not guilty of any crime, and he did not profit personally in Plaintiffs' cases. Plaintiffs do not allege that the probable cause information in the search warrants was inaccurate or that the informant was unreliable. At most, Norton made errorr in his paperwork. Accordingly, there can be no civil claim based on Fisher. See e.g., United States v. Doyle, 650 F.3d 460, 468 (4th Cir. 2011) ("[F]alse information will only void a warrant if the information was necessary to the finding of probable cause.").

### 3. **Plaintiffs have not stated a claim for deprivation of liberty under the Eighth and/or Fourteenth Amendments.**

Plaintiffs' Opposition relies entirely on one unpublished decision for the proposition that Norton had an obligation to seek the early release of prisoners who pleaded guilty and do not

support their theory. Fisher was a criminal case. It did not involve claims for money damages under Section 1983.

In Fisher, the criminal defendant's home was searched pursuant to a search warrant completed by an officer who years later admitted that the confidential informant he identified in the search warrant "had no connection to the case" and that another individual was "the real informant[.]" Id. at 463. The officer also admitted to receiving monetary kickbacks by splitting reward money with the confidential informants he falsely attributed information to. Id. The officer pleaded guilty to a variety of fraud and theft offenses related to his duties an officer. The Fourth Circuit held that the officer's false statement in the search warrant affidavit amounted to impermissible government conduct and that the criminal defendant's plea was induced by that misconduct. Id. at 462, 467-68.

Plaintiffs have cited no authority indicating that a theory premised on Fisher is actionable for civil damages. Regardless, Fisher is distinguishable from this case. Norton is not guilty of any crime, and he did not profit personally in Plaintiffs' cases. Plaintiffs do not allege that the probable cause information in the search warrants was inaccurate or that the informant was unreliable. At most, Norton made errorr in his paperwork. Accordingly, there can be no civil claim based on Fisher. See e.g., United States v. Doyle, 650 F.3d 460, 468 (4th Cir. 2011) ("[F]alse information will only void a warrant if the information was necessary to the finding of probable cause.").

### 3. **Plaintiffs have not stated a claim for deprivation of liberty under the Eighth and/or Fourteenth Amendments.**

Plaintiffs' Opposition relies entirely on one unpublished decision for the proposition that Norton had an obligation to seek the early release of prisoners who pleaded guilty and do not

dispute their guilt.  But Golson v. Department of Corrections, 914 F.2d 1491 (4th Cir. 1990), does not support the unprecedented right Plaintiffs ask this Court to create.

First, Plaintiffs tellingly avoid quoting the relevant part of Golson:  "Incarceration *beyond the termination of one's sentence* may state a claim under the due process clause and the eighth amendment."  Id. (emphasis added); see also MTD 12.  Nothing in Golson supports any rule beyond so-called "overdetention" cases, or else Plaintiffs would have quoted it.  Nor do Plaintiffs cite any case actually finding a right in *Golson* for the confessedly guilty to be released *before* the termination of their sentences.

Second, Plaintiffs avoid the fact that Golson applies to the corrections officials who are actually responsible for determining the correct release date.  Plaintiffs do not even attempt to distinguish Owens v. Butler, which recognizes a plaintiff's burden under Golson to "establish that a *jail official* actually knew of and disregarded a serious risk" of overdetention.  2016 WL 538463, at *4 (W.D.N.C. Feb. 9, 2016).

### 4. Norton is entitled to qualified immunity.

Norton is entitled to qualified immunity, because he did not violate a clearly established constitutional right.  "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that **every** "reasonable official would have understood that what he is doing violates that right."  Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011) (citing Anderson v. Creighton, 483 U.S. 635, 640 (1987)) (emphasis added).  The Court "[does] not require a case directly on point, but **existing precedent must have placed the statutory or constitutional question beyond debate**."  Ashcroft, 563 U.S. at 741 (citing Malley v. Briggs, 475 U.S. 335, 341 (1986)) (emphasis added).

With respect to the Section 1983 malicious prosecution claim, there indisputably was sufficient evidence to arrest and prosecute in light of the drugs and contraband found within the possession and control of each Plaintiff. There is no clearly established constitutional right to avoid arrest and prosecution when police officers discover illegal drugs and other contraband during a search. That is true even if the evidence was seized pursuant to an unlawful search. Indeed, the Supreme Court has made clear that, **"[t]he Fourth Amendment contains no provision expressly precluding the use of evidence obtained in violation of its commands, and an examination of its origin and purposes makes clear that the use of fruits of a past unlawful search or seizure 'work[s] no new Fourth Amendment wrong.'"** United States v. Leon, 468 U.S. 897, 906 (1984) (internal citations omitted) (emphasis added).

Plaintiffs must recognize this since they argue that "qualified immunity does not protect Norton from sub-constitutional rules of procedure or evidence." See Plaintiffs' Brief in Opposition (ECF Doc. 29 at p. 20). There is no basis for that argument, since Section 1983 only creates a civil remedy for a violation of rights, privileges, and immunities secured by the Constitution and laws. Permitting Plaintiffs to proceed on their malicious prosecution theory by following their tortured argument to extend the exclusionary rule to civil proceedings is not permitted by Section 1983, because the exclusionary rule is merely a judicially created rule and not a constitutional right.

There also was no clearly established constitutional right to have an officer who was only involved before Plaintiffs' convictions ensure that Plaintiffs' guilty pleas were voluntary and intelligent. The law is clear that the right at issue must have been "**clearly established at the time of defendant's alleged misconduct.**" West v. Murphy, 771 F.3d 209, 213 (4th Cir. 2014) (emphasis added). The Fisher case, relied on by Plaintiffs to establish their claim, was not

7

decided until April 2, 2013. All of the alleged conduct of Norton took place well before then. The searches of Plaintiffs all occurred in 2009 or 2010.

Plaintiffs' argument that the result in Fisher was dictated by precedent is unavailing. **The law in the Fourth Circuit at the time of Norton's alleged conduct was that Fourth Amendment violations did not undermine guilty pleas**. See United States v. Murphy, 380 F. App'x 344, 345 (4th Cir. 2010) (Guilty plea entered by defendant on drug and firearms charges was voluntarily and intelligently made, since defendant had adequate ability to consult with her attorney and understood proceedings against her, and plea constituted admission of past conduct irrespective of admissibility of seized evidence) (citing United States v. Broce, 488 U.S. 563, 573 (1989) (valid guilty plea does not require conscious waiver of potential defenses); Haring v. Prosise, 462 U.S. 306, 321, (1983) (explaining that guilty plea amounts to admission of past conduct and is not undermined by validity of Fourth Amendment violation because plea does not rest on seized evidence)). Thus, any rights announced in Fisher were not recognized at the times relevant to the conduct of Norton. Accordingly, Plaintiffs did not have a clearly established right that was violated.

Finally, it also was not clearly established that the alleged actions of Norton constituted a deprivation of liberty under either the Eighth or Fourteenth Amendments. Plaintiffs have identified no case law to support their claims. Accordingly, Plaintiffs' Section 1983 claims should be dismissed on this basis as well.

**B.      Plaintiffs cannot overcome the statute of limitations bar to their Section 1983 claims.**

The statute of limitations analysis is simple. Plaintiffs' assert that their claims are not based on unreasonable searches. That is their hope, but it is not reality. Claims involving allegedly falsified search warrant affidavits are analyzed under the Fourth Amendment. Miller v.

Prince George's County, MD, 475 F.3d 621 (4th Cir. 2007). Such claims "do not necessarily imply the invalidity of [a] conviction and thus are not barred by" the accrual rule of Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994). Covey v. Assessor of Ohio County, 777 F.3d 186, 197 (4th Cir. 2015). Plaintiffs' claims here are predicated solely on the use of evidence that was allegedly obtained illegally through the execution of invalid search warrants. Because their claims are in reality claims for illegal search and seizure, Plaintiffs' claims are time-barred.

C. **Plaintiffs have also failed to state a malicious prosecution claim under Virginia law.**

Like Plaintiffs' malicious prosecution claims under federal law, the presence of probable cause is fatal to Plaintiffs' state law malicious prosecution claims. See O'Connor v. Tice, 281 Va. 1, 7, 704 S.E.2d 572, 575 (2011). Plaintiffs do not dispute that their arrests were supported by probable cause. They instead argue that "[w]here probable cause in [sic] generated [through intentional and unlawful behavior], there is good reason to hold the unlawful conduct tainted the existence of probable cause." See Plaintiffs' Brief in Opposition (ECF Doc. 29 at p. 29). Plaintiffs concede that there does not appear to be any Virginia law that supports their proposition, and there is no reason to believe that a Virginia court would follow their logic. Indeed, the Supreme Court of Virginia has repeatedly held that malicious prosecution actions "are not favored in Virginia" and "the requirements for maintaining such an action are more stringent than other tort cases." Reilly v. Shepherd, 273 Va. 728, 733, 643 S.E.2d 216, 218 (2007); Pallas v. Zaharopoulos, 219 Va. 751, 250 S.E.2d 356 (1979).

Here, Norton's allegedly intentional and unlawful conduct speaks to the issue of malice; it does not speak to the existence of probable cause for Plaintiffs' arrests. Because probable cause existed in each of Plaintiffs' cases, they cannot pursue a malicious prosecution claim under Virginia law.

### III.  CONCLUSION

WHEREFORE, Defendant Jason Norton, by counsel, respectfully requests that this Court enter an Order granting his Motion to Dismiss and dismissing the Complaint against him in its entirety and with prejudice.

**JASON NORTON**

By Counsel

/s/
David P. Corrigan
VSB No. 26341
Jeremy D. Capps
VSB No. 43909
M. Scott Fisher, Jr.
VSB No. 78485
Attorney for Jason Norton
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 – Fax
dcorrigan@hccw.com
jcapps@hccw.com
sfisher@hccw.com

# **C E R T I F I C A T E**

      I hereby certify that on the 17th day of November 2017, I filed a copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send a Notice of Electronic Filing to all counsel of record.

/s/
David P. Corrigan
VSB No. 26341
Attorney for Jason Norton
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com